**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-6970 PA (MARx)<br>CV 26-7667 PA (MARx)<br>CV 26-9915 PA (Ex) | Date | October 14, 2026 |
| Title | Robert Gavin v. Barry Caren, et al.<br>Robert Gavin v. Michelle Caren, et al.<br>Robert Gavin v. David Caren, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On September 30, 2026 the Court ordered plaintiff Robert Gavin ("Plaintiff") to show cause in writing why cases CV 26-6970 PA (MARx), CV 26-7667 PA (MARx) and CV 26-9915 PA (Ex) should not be dismissed with prejudice in accordance with the terms of the Stipulated Judgment signed by Plaintiff, and entered by Los Angeles Superior Court Judge David Friedman on September 17, 2026 in the matter entitled In the matter of Petitioner Michelle Gavin and Respondent Robert Gavin, Case No. 25STFL0020 ("Stipulated Judgment"). In the Stipulated Judgment Plaintiff agreed to dismiss with prejudice "any and all lawsuits, actions, appeals, cross-complaints, counterclaims, and proceedings of any kind . . . including but not limited to all pending actions in Los Angeles Superior Court, the Nevada District Court, and any federal court" that had been filed by Plaintiff, within five days of the signing of the Stipulated Judgment. Because this time period had passed, the Court issued the Orders to Show Cause, and ordered Plaintiff to respond by no later than October 9, 2026. The Court specifically warned Plaintiff that failure to respond may result in the imposition of sanctions, including dismissal of these matters with prejudice. Despite this warning, Plaintiff did not file any response to the Court's Orders to Show Cause.

The Court finds this matter is suitable for resolution without oral argument, and according to the terms of the Stipulated Judgment, dismisses these actions with prejudice. It is beyond dispute that the Stipulated Judgment's terms apply to the three actions pending before this Court, and the Court deems Plaintiff's lack of response to the Orders to Show Cause as consent to the dismissal. (See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-6970 PA (MARx)<br>CV 26-7667 PA (MARx)<br>CV 26-9915 PA (Ex) | Date | October 14, 2026 |
|---|---|---|---|
| Title | Robert Gavin v. Barry Caren, et al.<br>Robert Gavin v. Michelle Caren, et al.<br>Robert Gavin v. David Caren, et al. | | |

Moreover, Plaintiff's failure to file a Second Amended Complaint in Case Number 26-6970 PA (MARx) after the Court's dismissal of the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim,[1/] the failure to respond to the Court's Orders to Show Cause or to appear or file anything in these matters since August 31, 2026 indicates that Plaintiff has abandoned his efforts to pursue claims against the defendants, and has failed to diligently prosecute.

A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

[1/] In the Court's September 14, 2026 Order granting the Motion to Quash Service and to Dismiss filed in case number CV 26-6970 PA (MARx), the Court stated that the failure to file a Second Amended Complaint by September 25, 2026 would be deemed an election to stand on the First Amended Complaint and would result in dismissal of the First Amended Complaint without leave to amend. (CV 26-6970 Docket No. 36.) Plaintiff did not file a Second Amended Complaint.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-6970 PA (MARx)<br>CV 26-7667 PA (MARx)<br>CV 26-9915 PA (Ex) | Date | October 14, 2026 |
| Title | Robert Gavin v. Barry Caren, et al.<br>Robert Gavin v. Michelle Caren, et al.<br>Robert Gavin v. David Caren, et al. | | |

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing these actions. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor also favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, defendants in these actions are prejudiced by any further delay given that the terms of the Stipulated Judgment required that Plaintiff dismiss all matters pending against them with prejudice within five days of the entry of the Stipulated Judgment.

The fourth and fifth Henderson factors also favor dismissal. Plaintiff was on notice that the failure to adequately respond to the Orders to Show Cause could result in the dismissal of the action with prejudice. Despite this notice, Plaintiff failed to respond to the Orders to Show Cause in any way or to otherwise show that dismissal with prejudice according to the terms of the Stipulated Judgment is unwarranted. Moreover given the terms of the Stipulated Judgment, there is no other available, less drastic remedy. Thus, the Henderson factors weigh in favor of dismissing the three actions.

Accordingly, pursuant to terms of the Stipulated Judgment, and as a result of Plaintiff's failure to file a Second Amended Complaint in case number 26-6970 PA (MARx), to respond to the Court's Orders to Show Cause and to diligently prosecute any of the three actions, these actions are dismissed with prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment in each case consistent with this Order.

IT IS SO ORDERED.